## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## WAYCROSS DIVISION

| | | |
|---|---|---|
| AMANDA BURCH INDIVIDUALLY AND AS | ) | |
| NEXT FRIEND AND NATURAL GUARDIAN | ) | |
| FOR TIMOTHY BURCH, | ) | **CV511- 84** |
| | ) | |
| Plaintiffs, | ) | Civil Action No.: _____ |
| | ) | |
| v. | ) | |
| | ) | |
| BLITZ U.S.A., INC., WAL-MART STORES, | ) | |
| INC., WAL-MART STORES EAST, L.P., and | ) | |
| WAL-MART STORES EAST, INC., | ) | |
| | ) | |
| Defendants. | | |

### PETITION FOR REMOVAL

Defendants Blitz U.S.A., Inc. ("Blitz"), Wal-Mart Stores, Inc., Wal-Mart Stores East, L.P., and Wal-Mart Stores East, Inc. (collectively, "Defendants"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby submits this petition for removal of this case from the State Court of Coffee County, Georgia to the United States District Court for the Southern District of Georgia, Waycross Division. In support of this Petition, Defendants state as follows:

1.      On or about July 6, 2011, Plaintiffs filed a Complaint in the State Court of Coffee County, Georgia in the civil action styled *Burch v. Blitz U.S.A., Inc. et al.*, Civil Action No. 2011-C-07-119.

2.      Pursuant to 28 U.S.C. § 1446(a), attached hereto and made a part hereof as Exhibits are:

Exhibit "A" - a true copy of the original Complaint for Damages filed by Plaintiff in the State Court of Coffee County, Georgia.

The attachment hereto, Exhibit "A", constitutes all of the pleadings which have been filed in the subject case in the said State Court of Coffee County, Georgia.

3.     The Complaint asserts product liability claims arising from injuries allegedly suffered by Plaintiffs when Timothy Burch used a gasoline container allegedly manufactured by Blitz to start a fire. *See* Compl. at ¶ 13.

4.     As explained below, this Court has original subject matter jurisdiction over this civil action pursuant to 28 U.S.C. § 1332, in that removal is timely, there is complete diversity of citizenship between Plaintiffs and Defendants, and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

## REMOVAL IS TIMELY

5.     Removal is timely.  Plaintiffs' Complaint was served on Blitz on July 25, 2011, and was served on Wal-Mart Stores, Inc., Wal-Mart Stores East, L.P., and Wal-Mart Stores East, Inc. on July 22, 2011.  This Petition for Removal is therefore filed within thirty (30) days after receipt by Defendants of the "initial pleadings setting forth the claim for relief upon which such action or proceedings is based" pursuant to Rule 6(a) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1446(b).

## COMPLETE DIVERSITY OF CITIZENSHIP EXISTS

6.     The Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332, and this action is one that may be removed to this Court under 28 U.S.C. § 1441.  There exists complete diversity of citizenship between Plaintiffs and Defendants, and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.  This action is

being removed to the District Court of the United States for the district embracing the place where the action is pending in accordance with 28 U.S.C. § 1441(a).

       7.      Plaintiffs are citizens and residents of Georgia. Compl. at ¶ 2.

       8.      For purposes of diversity of citizenship, a corporation is deemed to be a citizen of both the state of its incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). The citizenship of a limited partnership is that of its members. *See Carden v. Arkoma Assocs.*, 494 U.S. 185, 192–93 (1990). The citizenship of a limited liability company is that of its members. *See General Technology Applications, Inc. v. Exro Ltda*, 388 F.3d 144 (4th Cir. 2004).

       9.      Blitz is an Oklahoma corporation with its principal place of business in Miami, Oklahoma. Thus, Blitz is a citizen of Oklahoma. *See generally* Compl. at ¶ 3 (noting Blitz is an Oklahoma corporation with its principal place of business in Miami, Oklahoma).

       10.     Wal-Mart Stores, Inc. is a Delaware corporation with its principal place of business in Bentonville, Arkansas. Thus, Wal-Mart Stores, Inc. is a citizen of Delaware and Arkansas.

       11.     Wal-Mart Stores East, Inc. is an Arkansas corporation with its principal place of business in Bentonville, Arkansas. Thus, Wal-Mart Stores East, Inc. is a citizen of Arkansas.

       12.     Defendant Wal-Mart Stores East, LP is a Delaware limited partnership. Its sole general partner is WSE Management, LLC, an Arkansas limited liability company. Its sole limited partner is WSE Investment, LLC, an Arkansas limited liability company. Wal-Mart Stores East, Inc., a citizen of Arkansas, is the sole member of WSE Management, LLC and WSE

Investment, LLC. Thus, WSE Management, LLC, WSE Investment, LLC are citizens of Arkansas, and Wal-Mart Stores East, LP is a citizen of Arkansas.

13. Thus, complete diversity of citizenship exists between Plaintiffs and Defendants.

## THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED

14. In their Complaint, Plaintiffs allege Timothy Burch suffered "significant and permanent injury" and seek damages for past and future medical care, economic losses, emotional distress, pain and suffering, and hedonic damages. Compl. at ¶ 61. Plaintiffs seek compensatory and punitive damages. *Id.* at ¶¶ 1, 61–62.

15. Given the nature and extent of the injuries and damages alleged, Plaintiff's Complaint places at issue more than $75,000, exclusive of interest and costs. Where a complaint does not limit its request to a precise monetary amount, the district court "may consider the plaintiff's claims, as alleged in the complaint, the notice of removal filed with a federal courts, and other relevant materials in the record." *Mattison v. Wal-Mart Stores, Inc.*, 6:10-CV-01739-JMC, 2011 WL 494395, at *2 (D.S.C. Feb. 4, 2011) see also *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3D 744, 770 (11th Cir. 2010). The Court determines the amount in controversy in such a case by considering the judgment that would be entered if the Plaintiff prevailed on the merits of his case, including his claims for actual and punitive damages. *Id.* (citing *Bell v. Preferred Life Assurance Soc'y*, 320 U.S. 238, 240 (1943) and *Am. Health and Life Ins. Co. v. Heyward*, 272 F. Supp. 2d 578, 581 (D.S.C. 2003)).

16. Plaintiff's claim for damages therefore exceeds the requisite amount in controversy for purposes of diversity jurisdiction under 28 U.S.C. § 1332(a). *See Mattison*, 2011 Wl 494395, at *3 (denying plaintiff's motion to remand based upon amount in controversy

requirement where plaintiff alleged compensatory and punitive damages resulting from various injuries "in and about various parts of her body.").

17.     Pursuant to the provisions of 28 U.S.C. § 1446(d), Defendants will give Plaintiff written notice of the filing of this Petition for Removal with the State Court of Coffee County, Georgia, attaching thereto a copy of this Petition for Removal and the documents attached to this Petition for Removal.  A true and correct copy of Defendants' Notice to Plaintiff of Removal to Federal Court is attached hereto as Exhibit B.

WHEREFORE, Petitioner prays that this Petition for Removal be filed and that said action by removed to and proceed in this court and that no further proceedings be had in the said case in the State Court of Coffee County, Georgia.

Respectfully submitted this 19th day of August, 2011.

> HAWKINS PARNELL
> THACKSTON & YOUNG, LLP
>
> By:    s/ Michael J. Goldman
> Michael J. Goldman
> Georgia Bar No.: 300100
> Warner S. Fox
> Georgia Bar No. 272654
> 4000 SunTrust Plaza
> 303 Peachtree Street, NE
> Atlanta, GA 30308-3243
> P: (404) 614-7503
> F: (404) 614-7500
> E: mgolgdman@hptylaw.com
> E: wfox@hptylaw.com
> **ATTORNEYS FOR DEFENDANTS**

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| AMANDA BURCH, individually and next friend and natural guardian for TIMOTHY BURCH | BLITZ USA, INC. WAL-MART STORES, INC., WAL-MART STORES EAST, L.P., and WAL-MART STORES EAST, INC. |

**(b)** County of Residence of First Listed Plaintiff    Coffee County
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Brady R. Thomas, Esq., Richardson, Patrick, Westbrook & Brickman, LLC
P.O. Box 1368, Barnwell, SC 29812, (803) 541-7850

Attorneys (If Known)
Michael J. Goldman, Esq. Hawkins Parnell Thackston & Young LLP
303 Peachtree Street, NE, STE 4000, Atlanta, GA 30308, (404) 614-7400

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff

☐ 3 Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☒ 4 Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☒ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☐ 440 Other Civil Rights | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 USC § 1983 et. seq.

Brief description of cause:
Existence of highly technical issues and proof.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):    JUDGE      DOCKET NUMBER

DATE
08/19/2011

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# Exhibit "A"



# IN THE STATE COURT OF COFFEE COUNTY
## STATE OF GEORGIA

AMANDA BURCH )
INDIVIDUALLY AND AS )
NEXT FRIEND AND NATURAL )
GUARDIAN FOR TIMOTHY )
BURCH )
                              )
            Plaintiff, )

vs )
                              )

BLITZ U.S.A., INC., WAL-MART )
STORES, INC., WAL-MART )
STORES EAST, LP and WAL- )
MART STORES EAST, INC. )
                              )
           Defendants. )

C/A #: 2011C07-119

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**
Defendant's address:

Rocky Flick
Blitz, U.S.A., Inc.
404 26th. Ave., NW
Miami, OK 75354

You are hereby **summoned** and requested to file with the Clerk of Said Court and serve upon plaintiff's attorney whose name and address is:

Brady R. Thomas, Esq. (Ga. Bar #183237)
RICHARDSON, PATRICK
      WESTBROOK & BRICKMAN, LLC
1730 Jackson Street
Post Office Box 1368
Barnwell, South Carolina 29812
Telephone: (803) 541-7850
Fax: (803) 541-9625

an answer to the Complaint which is herewith served upon you, within 30 days after the service of the **summons** upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.



This _15th_ day of _July_, 2011 _–12:00 Noon_

Clerk of Superior Court, Coffee County, State of Georgia

By: _____

Clerk, Superior Court of Coffee County



JUL 25 2011

## IN THE STATE COURT OF COFFEE COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| AMANDA BURCH ) | C/A #: 2011CO7-119 |
| INDIVIDUALLY AND AS NEXT ) | |
| FRIEND AND NATURAL ) | |
| GUARDIAN FOR TIMOTHY ) | |
| BURCH ) | |
| ) | **COMPLAINT** |
| Plaintiff, ) | |
| ) | **(Jury Trial Demanded)** |
| vs. ) | |
| ) | Filed in Office this —12:00 NOON |
| BLITZ U.S.A., INC., WAL-MART ) | 15 day of July 2011 |
| STORES, INC., WAL-MART ) | |
| STORES EAST, LP, and WAL- ) | Angela Spell-Hutto |
| MART STORES EAST, INC. ) | Clerk, Superior Court & State Court |
| | Coffee County, Georgia |
| Defendants. | |

NOW INTO COURT, by and through undersigned counsel, comes Plaintiff

Amanda Burch individually and as Next Friend and Natural Guardian for Timothy Burch,

who, in support of their claims against Defendant Blitz U.S.A., Inc. ("Blitz") as well as

Wal-Mart Stores, Inc., Wal-Mart Stores East LP, and Wal-Mart Stores East, Inc.

(collectively "Wal-Mart Defendants") alleges as follows:

### INTRODUCTION

1.      On or about September 27, 2010, a portable plastic gas can manufactured

by the Blitz Defendants and sold by all Defendants exploded causing Plaintiff's son

Timothy Burch to suffer severe burns which have caused them to incur substantial

medical expenses, disfigurement and other recoverable damage. This action is brought

against the Defendants pursuant to the laws of the State of Georgia to recoup all

compensatory and punitive damages to which the Plaintiff is entitled as a result of the

personal injuries suffered.

1

## PARTIES

2. Plaintiff Amanda Burch is the mother and natural guardian of Timothy Burch, a minor. Amanda and Timothy Burch are individuals, citizens, and residents of Coffee County, Georgia.

3. Defendant Blitz U.S.A., Inc. (hereinafter "Blitz") is an Oklahoma corporation engaged in business in the State of Georgia with its principal place of business in Miami, Oklahoma. Defendant Blitz transacts business in the State of Georgia and can be served with process through its registered agent Corporation Service Company, 40 Technology Parkway South, #300, Norcross, Georgia 30092.

5. Defendant Wal-Mart Stores, Inc. is a Delaware corporation engaged in business in Georgia with its principal place of business in Bentonville, Arkansas. Defendant Wal-Mart Stores East, LP is a Delaware limited partnership engaged in business in Georgia with its principal place of business in Bentonville, Arkansas. Defendant Wal-Mart Stores East, Inc. is an Arkansas corporation engaged in business in Georgia with its principal place of business in Bentonville, Arkansas. All three defendants (hereinafter collectively "Wal-Mart") may be served process through their registered agent Corporation Process Company, 328 Alexander Street, Suite 10, Marietta, Georgia 30060.

6. Defendants have each purposefully availed themselves of the privilege of conducting business activities within the State of Georgia by placing their products, including the portable gasoline container at issue in this matter, into the stream of commerce and by advertising their products and establishing retail facilities within the state.

7. Defendants derive substantial revenue from goods sold and used in the

2

State of Georgia.

8.      Defendants do reasonably expect, or should reasonably expect, that their business activities could or would have consequences within the State of Georgia.

9.      Defendants have established continuous and systematic contacts with the State of Georgia sufficient to confer general jurisdiction pursuant to O.C.G.A. §9-10-91.

10.     Venue is proper in this County because the Defendants do not reside in Georgia and the Plaintiff resides in the County

## FACTUAL BACKGROUND

11.     At a time prior to September 27, 2010, the Blitz designed and manufactured a portable plastic gas can for sale in the stream of commerce (referred to hereinafter as "Subject Gas Can").

12.     At a time prior to September 27, 2010, the Subject Gas Can was sold by the Wal-Mart Defendants to Plaintiff's brother.

13.     On or about September 27, 2010, Timothy Burch used the Subject Gas Can to pour gas to be used in the ignition of a pile of material in his grandmother's backyard in Coffee, County, Georgia.  Shortly thereafter, gasoline vapors outside the Subject Gas Can ignited and the flame flashed back into the vapor trail inside the container, causing the Subject Gas Can to explode.  The explosion caused severe injury to Timothy Burch.

14.     Blitz designed, manufactured, assembled, marketed, distributed and sold the Subject Gas Can that caused Plaintiff's son's injuries and Plaintiff's damages.

3

15. The Wal-Mart Defendants sold the sold The Subject Gas Can and in connection with that sale warranted that the Subject Gas Can was fit for ordinary purposes and not unreasonably dangerous.

16. The Subject Gas Can was not modified or altered after it left Defendants' control, and Timothy Burch was utilizing the Subject Gas Can in an ordinary and reasonable manner in which the Subject Gas Can was intended and reasonably expected to be used.

17. Prior to the manufacturer and sale of the Subject Gas Can, Defendants were aware that Blitz gas can owners use the cans to pour gas as an ignition source for burning debris. Thus, Timothy Burch's use of the Subject Gas Can was reasonably foreseeable.

18. The Subject Gas Can was defective and unsafe for its intended purposes at the time it left the control of Defendants in that the design failed to include a flame arrestor device, which is a necessary safety device that would have prevented the injuries set forth herein.

19. Prior to the manufacturer and sale of the Subject Gas Can, Defendants were aware that other manufacturers including Eagle Manufacturing and Chilton had chosen to incorporate flame arrestors into plastic gas cans. Thus, the incorporation of flame arrestors into plastic gas cans was technologically feasible.

20. Defendants knew or should have known of the Subject Gas Can's susceptibility to flashback which occurs when gasoline vapors ignite and the flames chase the vapor trail back into the can, causing an explosion and/or spew of flames and burning gasoline.

4

21.     Prior to the explosion of the Subject Gas Can, neither the Plaintiff nor Timothy Burch were aware that the gas can could have been sold with a flame arrestor and/or that it did not contain a flame arrestor, nor were they aware that a fire could follow fumes and flash back into the can.

22.     As a direct and proximate result of Defendants' acts and/or omissions in the design, manufacture, assembly, marketing, distribution and sale of the Subject Gas Can, which lacked a flame arrestor/flashback arrestor, Timothy Burch suffered and continues to suffer severe personal injuries, including, but not limited to, severe burns, physical pain and impairment, physical disfigurement and other recoverable damage.

## CAUSES OF ACTION
## COUNT 1 DESIGN DEFECT
### (Blitz U.S.A., Inc.)

23.     Plaintiff re-alleges and incorporates in this count each and every preceding allegation as if fully pleaded herein.

24.     The Subject Gas Can designed, manufactured, assembled, marketed, distributed, and sold by Blitz was defective and/or unreasonably dangerous when sold.

25.     The Subject Gas Can designed, manufactured, assembled, marketed, distributed, and sold by Blitz was the producing cause of Timothy Burch's injuries.

26.     Blitz is engaged in the business of designing, manufacturing, assembling, marketing, distributing, and selling portable gas cans, including the Subject Gas Can, to consumers within the stream of commerce.

27.     Blitz expected the Subject Gas Can, so introduced and passed on in the course of trade, to ultimately reach the residential consumer and/or users without substantial change in the condition in which it was originally sold.

5

28.     The Subject Gas Can was without substantial change in the condition from which it was originally sold by Blitz and unexpectedly failed under ordinary and foreseeable use.

29.     At the time the portable gas can left Blitz's control, and at all times complained of, safer alternative designs were available that would have eliminated the risk of the Subject Gas Can exploding without substantially impairing the usefulness and intended purpose of the product.

30.     The Subject Gas Can was unreasonably dangerous and defective in that its design and construction did not incorporate a flame arrestor, a technologically and economically feasible safety device that would have prevented the explosion in the present case.

31.     A flame arrestor, sometimes called a flame arresting screen, flash arrestor or spark arrestor, is a small metal device that is placed in a container's openings and allows liquids to flow out of the container but prevents the flashback of flames back into the container. The device consists of either a perforated metal screen or a wire mesh screen.

32.     The efficacy of flame arrestors has been known to the gasoline manufacturing industry for decades, and particularly the manufacturers of portable gas cans have been aware of their existence since before they were first placed in industrial gas cans in the 1920's and began being placed in consumer gas cans by at least 1978.

33.     For more than a quarter century, the utility and efficacy of flame arrestors has been a topic of discussion in the media and national publications and the subject of numerous lawsuits filed by consumers, users, and bystanders who have been burned

6

and/or killed in encounters with portable gas cans that were not equipped with the
device.

34.     Consequently, Blitz has known, or should have known, for decades prior
to this incident that gas cans without flame arrestors were susceptible to flashback (i.e.,
when gasoline vapors outside the container ignite, the flames can follow the vapor trails
back inside the container causing it to explode and/or spew flames and burning
gasoline).

35.     Without the inclusion of a flame arrestor, the foreseeable risk of injury
and/or death associated with the use of the Subject Gas Can far exceeded any utility
and/or benefits associated with its design.

36.     Nevertheless, despite the wealth of available scientific knowledge, the
Blitz has made, and continues to make, a conscious decision to endanger the safety of
consumers, users, and bystanders by refusing to incorporate a well-known safety device
into its portable gas cans, despite the fact that this safety device is economically and
technologically feasible.

37.     As a direct and proximate result of one or more of the Blitz's acts or
omissions as described herein and as a direct and proximate result of the Subject Gas
Can's defective design, Timothy Burch suffered severe burn injuries.

38.     As such, Blitz is liable pursuant to the provisions of O.C.G.A. § 51-1-11.

### COUNT 2 FAILURE TO WARN
(Defendant Blitz U.S.A., Inc.)

39.     Plaintiffs re-allege and incorporate in this count each and every preceding
allegation as if fully pled herein.

7

40. Blitz failed to provide adequate warnings that would be reasonably calculated to catch the attention of a reasonably prudent person given that its warnings were not conspicuous.

41. At the time the portable gas can left Blitz's control, consumers and/or foreseeable users, such as Timothy Burch, were not and still are not, likely to possess knowledge of the extent and magnitude of the risks associated with using the Blitz's portable gas cans.

42. Without such knowledge, consumers and/or foreseeable users would not be in a position to avoid the product's inherent dangers through the exercise of ordinary and reasonable care. Conversely, Blitz knew, and was certainly in the best position to know, that its portable gas cans, as designed, posed a tremendous and horrific risk of injury to consumers, users, and bystanders.

43. As a direct proximate result of one or more of Blitz's failures to warn of the subject gas can's defective design, Timothy Burch suffered severe burn injuries.

44. As such, Blitz is liable pursuant to Georgia law including violating the duty to warn of non-obvious foreseeable dangers from the normal use of its products.

### COUNT 3 NEGLIGENCE
#### (Defendant Blitz U.S.A., Inc.)

45. Plaintiff re-alleges and incorporates in this count each and every preceding allegation as if fully pled herein.

46. Blitz owed consumers and/or foreseeable users, including Timothy Burch, the duty of reasonable care it its design, manufacture, assembly, marketing, distribution and sale of the Subject Gas Can.

8

47.     Blitz ignored and/or breached that duty by its following negligent acts and/or omissions:

A.  Failed to design and produce a reasonably safe portable gas can;

B.  Designed, manufactured, assembled, marketed, distributed, and sold a portable gas can that was defective;

C.  Placed into the stream of commerce a portable gas can that was defective in design;

D.  Placed into the stream of commerce a portable gas can that was defective in that it failed to contain adequate warnings and instructions;

E.  Placed into the stream of commerce a portable gas can that was unfit for its intended use;

F.  Placed into the stream of commerce a portable gas can likely to cause injury in its ordinary use;

G.  Placed into the stream of commerce a portable gas can that contained manufacturing defects;

H.  Failed to incorporate a flame arrestor in the product design;

I.  Failed to properly test its portable gas can and prototypes thereof with flame arresting material;

J.  Failed to provide adequate instructions and warnings with the product after learning, knowing, or having reason to know, of the defects existing in the product that rendered it unreasonably dangerous for its intended use;

K.  Failed to provide adequate warnings that would be reasonably calculated to catch the attention of a consumer and/or user of that would convey a fair

9

indication of the nature and extent of the dangers involved in using or misusing its product;

L. Failed to actively seek information regarding incidents in which consumers, users, and bystanders were injured and/or killed when they encountered portable gas cans;

M. Failed to actively seek information regarding incidents involving explosion and/or internal combustion of portable gas cans;

N. Failed to provide post-sale warnings after learning, knowing, or having reason to know of the defects existing in the product that rendered it unreasonably dangerous for its intended use;

O. Failed to take subsequent remedial measures or to recall the product after learning, knowing, or having reason to know of the defects existing in the product that rendered it unreasonably dangerous for its intended use;

P. Ignored and/or failed to investigate scientific, technological and industry information and studies regarding the efficacy of flame arrestors;

Q. Ignored and/or failed to investigate other lawsuits and/or similar incidents involving similar claims and incidents in which consumers, users, children, and/or bystanders were severely and routinely burned and/or killed when encountering such portable gas cans;

R. Failed to report incidences and lawsuits involving other consumers, users, and bystanders who have been burned and/or killed when encountering the portable gas cans to the Consumer Product Safety Commission;

S. Failed to warn that the gas can was not equipped with safety devices;

10

T. The subject gas can, as sold, posed a risk of flammable vapor ignition, flashback and explosion to users beyond that understood or contemplated by the average reasonable consumer, and the risks associated with this design outweighed its utility; and

U. Blitz knew or should have known that consumers would use their gas cans to start and/or maintain a fire, creating an unreasonable and unexpected hazard of vapor ignition and resulting fire, without appropriate design features to prevent ignition and flashback.

48. As an actual and proximate result of Blitz's negligent acts and/or omissions, the Subject Gas Can, that caused Timothy Burch's injuries, was placed into the stream of commerce in a defective and unreasonably dangerous condition.

49. Timothy Burch's injuries and the manner in which they occurred were reasonably foreseeable to Blitz, which had actual and/or constructive knowledge from within the industry, nation publications, media reports and prior claims and lawsuits, that consumers, users, and bystanders were being routinely burned and/or killed when encountering their portable gas cans.

50. As a direct and proximate result of one or more of the Blitz's negligent acts or omissions as described herein, Timothy Burch suffered severe burn injuries.

## COUNT 4 BREACH OF WARRANTY
### (Wal-Mart Defendants)

51. Plaintiff re-alleges and incorporates into this count each and every preceding allegation as if fully pled herein.

11

52.     The Wal-Mart Defendants, by and through the sale of its portable gas cans, expressly and impliedly warranted to the consumer and/or foreseeable users, such as Plaintiffs, that the container was fit for its ordinary and foreseeable purposes.

53.     The Wal-Mart Defendants violated O.C.G.A. § 11-2-314 (2) (c) (the implied warranty of merchantability) by selling the plastic gas can without a flame arrestor to a member of Plaintiff's family.  The gas can without the flame arrestor as described herein was unreasonably dangerous and not fit for ordinary purposes.

54.     Timothy Burch made ordinary use of the container in reliance on said warranties.

55.     Contrary to said warranties, the portable gas can was defective and unfit for its ordinary and foreseeable purposes, rendering it unreasonably dangerous.

56.     Wal-Mart Defendants breached its implied warranties by one or more of the following respects, among others:

> A.     Failure of the gas can itself and by improper marketing;
>
> B.     Selling the gas can without a flame arrestor and/or other safety devices to make the gas can safe for its foreseeable environment;
>
> C.     Selling the gas can without providing adequate warnings about the inherent dangers involved in the use of gasoline and its gas can;
>
> D.     Selling the gas can without warning that the gas can was not equipped with a flame arrestor or other safety devices;
>
> E.     The gas can, as sold, posed a risk of flammable vapor ignition, flashback and explosion to users beyond that understood or

12

contemplated by the average reasonable consumer, and the risks

associated with its design outweighed its utility;

F.      Wal-Mart Defendants knew or should have known of feasible

alternative designs that would have significantly reduced and/or

eliminated the risk of flammable vapor ignition and sold The

Subject Gas Can without said design alternatives which would

have made it safe for its foreseeable environment;

G.      Wal-Mart Defendants knew or should have known that consumers

would use gas cans to start and/or maintain fires, creating an

unreasonable and unexpected hazard of vapor ignition and

resulting fire, without appropriate design features to prevent

flashback;

H.      Failed to assure that the product design included a flame arrestor;

I.      Failed to protect foreseeable users of the gas can from the dangers

present in the use of such container, which dangers Wal-Mart

Defendants knew or should have known existed;

J.      Placed on the market a gas can which was unfit for its intended

use; and

K.      Placed on the market a gas can which was not safe for the ordinary

purpose for which it was sold.

57.     As an actual proximate result of Wal-Mart Defendants breaches of said

warranties, the subject gas can was placed into the stream of commerce in a defective

and unreasonably dangerous condition.

13

58.     Timothy Burch's injuries and the manner in which they occurred were reasonably foreseeable to Wal-Mart Defendants, which had actual and/or constructive knowledge from within the industry, national publications, media reports, and prior claims and lawsuits, that consumers, users, children and bystanders were being routinely burned and/or killed when encountering their portable gas cans.

59.     As a direct and proximate result of said breach of warranty, Timothy Burch suffered severe burn injuries.

## CAUSATION AND DAMAGES

60.     Plaintiff re-alleges and incorporates in this section each and every preceding allegation as if fully pled herein.

61.     Defendants caused Timothy Burch significant and permanent injury and harm as a result of the negligence and other tortious conduct set forth herein. Plaintiff demands money damages consistent with Georgia law for the harm inflicted by Defendant, including, but not limited to the following:

        a.     Past and future costs of medical care;

        b.     Past and future losses of wages, entitlements, support and other recoverable economic losses;

        c.     Past and future emotional distress;

        d.     Past and future pain and suffering and

        e.     Past and future hedonic damages.

62.     Defendants have exhibited such willful disregard and/or absence of due care and/or recklessness and/or gross negligence such that punitive damage are appropriate·in this action pursuant to O.C.G.A § 51-12-5.1. Defendants' conduct

14

includes refusing to incorporate a flame arrestor in the Subject Gas Can and selling the

Subject Gas Can without a flame arrestor despite *inter alia* knowledge of the feasibility

and relative inexpensive nature of such a device; the propensity of Blitz gas can users to

use gas cans in a manner such as that used by Plaintiff; the catastrophic injuries suffered

by similarly situated users; and the fact that a flame arrestor would prevent injuries such

as those suffered by Timothy Burch.

      **WHEREFORE,** Amanda Burch individually as Next Friend and Natural

Guardian for Timothy Burch prays that she be awarded all compensatory and punitive

damages due and owed, including attorney's fees and costs associated with the

prosecution of this action, as allowed by Georgia law, and for such other and further

relief as this Honorable Court deems just and proper.

      Respectfully submitted, this ____6____ day of July 2011.

           By:_____

              Brady R. Thomas, Esq. (Bar ID #183237)
              E-Mail: bthomas@rpwb.com
              RICHARDSON, PATRICK,
              WESTBROOK
                & BRICKMAN, L.L.C.
              P. O. Box 1368
              1730 Jackson Street
              Barnwell, SC 29812
              Telephone No.: (803) 541-7850
              Fax No.: (803) 541-9625

              **Attorney for Plaintiff**

# Exhibit "B"

IN THE STATE COURT OF COFFEE COUNTY
STATE OF GEORGIA

AMANDA BURCH, Individually and )
As Next Friend and Natural )
Guardian for TIMOTHY BURCH )
                                )
                                )    CIVIL ACTION
            Plaintiff,          )    FILE NO: 2011C07-119
                                )
vs.                             )
                                )
BLITZ U.S.A., INC., WAL-MART    )
STORES, INC., WAL-MART STORES   )
EAST, LP, and WAL-MART STORES   )
EAST, INC.                      )
            Defendants.         )
_____)

NOTICE OF REMOVAL
TO UNITED STATES DISTRICT COURT

**NOTICE IS HEREBY GIVEN** that Defendants Blitz U.S.A.,
Inc., Wal-Mart Stores, Inc., Wal-Mart Stores East, L.P.,
and Wal-Mart Stores East, Inc. in the above-styled action,
has filed in the United States District Court for the
Southern District of Georgia, Waycross Division, a Notice
of Removal of said action to the United States District
Court in accordance with the provisions of 28 U.S.C. §§
1441, 1446. Attached hereto and made parts hereof are a
true copy of said Petition for Removal and all papers and
exhibits attached hereto.

Respectfully submitted this 19th day of August, 2011.

[SIGNATURE TO FOLLOW ON NEXT PAGE]

**HAWKINS PARNELL**
**THACKSTON & YOUNG, LLP**

_____
Michael J. Goldman
Georgia Bar No. 300100
Warner S. Fox
Georgia Bar No. 272654

4000 SunTrust Plaza                    Attorneys for Defendants
303 Peachtree Street, N.E.
Atlanta, Georgia  30308-3243
Ph: (404) 614-7400
Fax: (404) 614-7500

IN THE STATE COURT OF COFFEE COUNTY
STATE OF GEORGIA

---

AMANDA BURCH, Individually and     )
As Next Friend and Natural          )
Guardian for TIMOTHY BURCH          )
                                    )        CIVIL ACTION
             Plaintiff,             )        FILE NO: 2011C07-119
vs.                                 )
                                    )
BLITZ U.S.A., INC., WAL-MART        )
STORES, INC., WAL-MART STORES       )
EAST, LP, and WAL-MART STORES       )
EAST, INC.                          )
             Defendants.            )

---

### CERTIFICATE OF SERVICE

This is to certify that I have this day served counsel in the foregoing matter with a copy of the foregoing **NOTICE OF REMOVAL TO UNITED STATES DISTRICT COURT** by depositing in the United States Mail a copy of same in an envelope with adequate postage thereon, addressed as follows:

> Brady R. Thomas, Esq.
> Richardson, Patrick, Westbrook
> & Brickman, L.L.C.
> P.O. Box 1368
> 1730 Jackson Street
> Barnwell, SC 29812

Dated this 19th day of August, 2011.

_____
Warner S. Fox
Georgia Bar No. 272654

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
### WAYCROSS DIVISION

| | | |
|---|---|---|
| AMANDA BURCH INDIVIDUALLY AND AS NEXT FRIEND AND NATURAL GUARDIAN FOR TIMOTHY BURCH, | ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No.: _____ |
| v. | ) ) | |
| BLITZ U.S.A., INC., WAL-MART STORES, INC., WAL-MART STORES EAST, L.P., and WAL-MART STORES EAST, INC., | ) ) ) ) | |
| Defendants. | | |

**STATE OF GEORGIA**
**COUNTY OF FULTON**

PERSONALLY APPEARED before me, the undersigned officer of said State and County, duly authorized to administer oaths, Patricia M. Peters, who being first duly sworn, deposes and says on oath that she is an attorney for Defendants Blitz, USA, Inc., Wal-Mart Stores, Inc., Wal-Mart Stores East, L.P., and Wal-Mart Stores East, Inc. ("Defendants") and that the contents and the statements and allegations contained in the within and foregoing Notice of Removal are true to the best of her knowledge and belief.

This 19th day of August, 2011.

_____
Patricia M. Peters
Georgia Bar No. 573650

Sworn to and subscribed to
before me this 19th day of August 2011.

_____
Notary Public
My Commission Expires:

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## <u>WAYCROSS DIVISION</u>

| | | |
|---|---|---|
| AMANDA BURCH INDIVIDUALLY AND AS | ) | |
| NEXT FRIEND AND NATURAL GUARDIAN | ) | |
| FOR TIMOTHY BURCH, | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No.: _____ |
| | ) | |
| v. | ) | |
| | ) | |
| BLITZ U.S.A., INC., WAL-MART STORES, | ) | |
| INC., WAL-MART STORES EAST, L.P., and | ) | |
| WAL-MART STORES EAST, INC., | ) | |
| | | |

Defendants.

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day served counsel in the foregoing matter with a copy

of the foregoing **PETITION FOR REMOVAL** with Exhibit "A" attached thereto, together with

Attorney's Affidavit, Affidavit of Filing in State Court of Ware County, and Notice of Filing by

email and by depositing in the United States Mail a copy of same in an envelope with adequate

postage thereon, addressed as follows:

> Brady R. Thomas
> bthomas@rpwb.com
> Richardson, Patrick, Westbrook & Brickman, L.L.C.
> P.O. Box 1368
> 1730 Jackson Street
> Barnwell, SC 29812

Dated this 19th day of August, 2011.

_s/_ Michael J. Goldman
Michael J. Goldman
Georgia Bar No.: 300100

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
### WAYCROSS DIVISION

AMANDA BURCH INDIVIDUALLY AND AS ........... )
NEXT FRIEND AND NATURAL GUARDIAN ....... )
FOR TIMOTHY BURCH, ................................ )
.................................................................... )
       Plaintiffs, ...................................... )     Civil Action No.: _____
.................................................................... )
v. ............................................................... )
.................................................................... )
BLITZ U.S.A., INC., WAL-MART STORES, ...... )
INC., WAL-MART STORES EAST, L.P., and ...... )
WAL-MART STORES EAST, INC., .................. )

       Defendants.

## AFFIDAVIT OF FILING OF NOTICE OF REMOVAL
## IN STATE COURT OF COFFEE COUNTY

**STATE OF GEORGIA**
**FULTON COUNTY**

      PERSONALLY APPEARED before me, the undersigned officer duly authorized by law

to administer oaths, Patricia M. Peters, who being first duly sworn, on oath deposes and says that

she is an attorney for Blitz, USA, Inc., Wal-Mart Stores, Inc., Wal-Mart Stores East, L.P., and

Wal-Mart Stores East, Inc. ("Defendants") in the above-styled case. Deponent further says on

oath that, as such attorney, she has filed a copy of the Notice of Removal with the Clerk of the

State Court of Coffee County, Georgia.

      This 19th day of August, 2011.


Sworn to and subscribed to before me

This ___ day of August, 20__

_____
Notary Public
My Commission Expires: _____

                            _____
                            Patricia M. Peters
                            Georgia Bar No. 573650

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION**

| | |
|---|---|
| AMANDA BURCH INDIVIDUALLY AND AS )<br>NEXT FRIEND AND NATURAL GUARDIAN )<br>FOR TIMOTHY BURCH, )<br> )<br>   Plaintiffs, )<br> )<br>v. )<br> )<br>BLITZ U.S.A., INC., WAL-MART STORES, )<br>INC., WAL-MART STORES EAST, L.P., and )<br>WAL-MART STORES EAST, INC., )<br> )<br>   Defendants. | Civil Action No.: _____ |

## NOTICE TO PLAINTIFF OF REMOVAL TO FEDERAL COURT

TO: Brady R. Thomas
Richardson, Patrick, Westbrook & Brickman, L.L.C.
P.O. Box 1368
1730 Jackson Street
Barnwell, SC 29812

   YOU ARE HEREBY notified of the filing of a Petition for Removal to the United States

District Court for the Southern District of Georgia, Waycross Division, of the case entitled

*Burch v. Blitz U.S.A., Inc. et al.*, Civil Action No. 2011-C-07-119, State Court of Coffee County,

Georgia, in accordance with the provisions of Section 1446, Title 28 of the United States Code.

A copy of said Petition is attached hereto.

   Respectfully submitted this 19th day of August, 2011,

        HAWKINS PARNELL
        THACKSTON & YOUNG, LLP

        Patricia M. Peters
        Georgia Bar No. 573650

3

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## WAYCROSS DIVISION

AMANDA BURCH INDIVIDUALLY AND AS )
NEXT FRIEND AND NATURAL GUARDIAN )
FOR TIMOTHY BURCH, )
                                  )
     Plaintiffs, )      Civil Action No.: _____
                                  )
v. )
                                  )
BLITZ U.S.A., INC., WAL-MART STORES, )
INC., WAL-MART STORES EAST, L.P., and )
WAL-MART STORES EAST, INC., )

     Defendants.

## CERTIFICATE OF SERVICE

This is to certify that I have this day served counsel in the foregoing matter with a copy of the foregoing **NOTICE TO PLAINTIFF OF REMOVAL TO FEDERAL COURT** by email and by depositing in the United States Mail a copy of same in an envelope with adequate postage thereon, addressed as follows to:

> Brady R. Thomas
> bthomas@rpwb.com
> Richardson, Patrick, Westbrook & Brickman, L.L.C.
> P.O. Box 1368
> 1730 Jackson Street
> Barnwell, SC 29812

Dated this 19th day of August, 2011.

                                    _s/_ Michael J. Goldman_____
                                    Michael J. Goldman
                                    Georgia Bar No.: 300100